FILED

SEP 10 2010

~~~~~~~~~~
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DALE W. WESTHOFF, | ) | CIV 10-4104-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT DOOLEY, Warden, | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| EDWARD LIGHTENBERG, Director | ) | |
| of S.D.B.P.&P., TIMOTHY REISCH, | ) | |
| S.D. Sec. of Corrections, SOUTH | ) | |
| DAKOTA DEPARTMENT OF | ) | |
| CORRECTIONS, and SOUTH DAKOTA | ) | |
| BOARD OF PARDONS AND PAROLES, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Dale Westhoff, a prisoner, brings this action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights when they failed to give him credit for time served and illegally prolonged his incarceration. Plaintiff seeks $891,200,000 in damages.

## DISCUSSION

A. **Screening**

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court is required to screen each action commenced by a prisoner. The complaint must be reviewed to determine if it states an viable claim. A complaint may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  A complaint fails to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . .'" <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)).  When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]"  <u>Neitzke</u>, 490 U.S. at 326, 109 S. Ct. at 1832.

Westhoff was convicted in state court of conspiracy to distribute a controlled substance and was sentenced to a term of 10 years incarceration.  The state court judge also ordered that Westhoff receive credit for time previously served.  During the same time, Westhoff was also convicted in a second case of the crime of escape.  For this offense, he was sentenced to a term of 5 years incarceration to run concurrent with the 10 year sentence for conspiracy.  Westhoff asserts that he fulfilled these sentences as of December 6, 2008, and has therefore, been illegally incarcerated since that time.  He alleges that the failure of defendants to credit his sentence in accordance with the state court judgment is a violation of his constitutional rights.

The United States Supreme Court has held that an attack on the duration of a prisoner's sentence is properly brought forth in a petition for writ of habeas corpus.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486, 92 S. Ct. 1827, 1834, 36 L. Ed. 2d 439 (1973).  Furthermore, the Eighth Circuit has held that "[i]f a judgment in favor of a prisoner in a

section 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus." Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (citing Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)).

Here, Westhoff is not seeking an early release or a restoration of good time credits. He is, however, asserting that he has been illegally incarcerated and a finding in his favor would necessitate a determination that he has been illegally detained. As a result, until Westhoff can show that his sentence has been "reversed, expunged, or called into question by issuance of a writ of habeas corpus[,]" he fails to state a claim upon which relief may be granted. Schafer, 46 F.3d at 45. See also Sheldon v. Hundley, 83 F.3d 231, 233-34 (8th Cir. 1996); Kruger v. Erickson, 77 F.3d 1071, 1073-74 (8th Cir. 1996). Accordingly, his complaint must be dismissed without prejudice.

B.   *In Forma Pauperis* **Status**

Westhoff also moves the Court to proceed *in forma pauperis*. It appears from the plaintiff's prison trust account that his current balance is $8.33. The prison trust account report states that his average monthly deposits equal $66.17 and his average monthly balance equals $45.44. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. See 28 U.S.C. § 1915(b)(1). As a result, plaintiff is required to pay an initial partial filing fee of $13.23 (20 percent of $66.17).

. Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #2) is granted.

IT IS FURTHER ORDERED that plaintiff shall submit payment of the initial partial filing fee in the amount of $13.23 on or before October 11, 2010.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety regardless of the disposition of this case.

IT IS FURTHER ORDERED that plaintiff may not appeal this case *in forma pauperis* as the Court finds that such an appeal would not be taken in good faith.

Dated this 10 day of September, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE